**Eric Anthony PARKER, Petitioner–Appellant,**

v.

**James E. TILTON, Director, California Department of Corrections, Respondent–Appellee.**

No. 06–17358.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007.*

Filed Nov. 21, 2007.

A.J. Kutchins, Esq., Berkeley, CA, Alexander Bradfield Reisman, Esq., San Francisco, CA, for Petitioner–Appellant.

Glenn R. Pruden, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

As a result of our previous remand for an evidentiary hearing, the district court conducted a three-day hearing and issued extensive findings of fact and well supported conclusions of law. Parker's claim of ineffective assistance by his trial attorney is, as the district court concluded, meritless.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Parker's petition can be granted only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts." [1]

To establish a claim of ineffective assistance of counsel, Parker must prove that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.[2] Counsel's performance was deficient if, "considering all the circumstances, it falls below an objective standard of reasonableness measured under prevailing professional norms."[3] In order to prove prejudice, there must be a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[4]

In fulfilling his duty to investigate before making strategic decisions in Parker's case, Beles is not required to "interview every possible witness to have performed proficiently."[5] "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[6] If counsel's decision is motivated by sound trial strategy, it cannot be considered deficient.[7]

After considering the totality of the evidence, we hold that it was reasonable for the California courts to conclude that trial counsel did not render ineffective assistance by failing to further investigate and present an alibi defense. Parker's attorney reasonably assessed the value of LaKeisha Wade's potential testimony about her telephone call to Parker minutes after the shooting, and Ramont Johnson's potential testimony about being with Parker continuously during the afternoon of the shooting.

As the district court aptly stated, "the defense played the hand as well as it could be played. To have tried to play the alibi card would have, in the Court's judgment, been a mistake that would have made conviction all the more likely. Attorney Beles' decision to not put on this alibi evidence was based on strategy and was eminently reasonable."

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 28 U.S.C. § 2254(d).

2. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

3. *Jones v. Wood,* 114 F.3d 1002, 1010 (9th Cir.1997).

4. *Luna v. Cambra,* 306 F.3d 954, 961 (9th Cir.2002).

5. *Riley v. Payne,* 352 F.3d 1313, 1318 (9th Cir.2003).

6. *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052.

7. *Hovey v. Ayers,* 458 F.3d 892, 904 (9th Cir. 2006).